United States Court of Appeals for the Ninth Circuit is now in session. Okay, good morning. We will take the cases up in the order in which they appear on the docket. And our first case today is Fonseca-Fonseca v. Garland. Mr. Newcomb, you may begin. I think you're on mute. Excuse me. Thank you. Thank you, Your Honor. Good morning, Your Honors. Excuse me. I'm going to disappear for one second. My camera is crooked. May it please the court. My name is Andrew Newcomb, counsel for the petitioner Mario Guadalupe Fonseca-Fonseca. At this time, I would like to reserve one minute for rebuttal. All right. Watch the clock, please. Motions to reopen require consideration of evidence indicating reasonable likelihood of prevailing on previously unavailable, as well as consideration of the record of the prior proceeding. Accordingly, this court should remand the case for review under the appropriate legal standard for the following reasons. First, the board applied the heavy burden standard of matter of COELO and not the applicable reasonable likelihood standard set forth in matter of LOG. Where a case provides a reasonable likelihood of success on the merits, particularly if the application was never fully litigated, the LOG standard should govern. Second, the board abused its discretion in denying petitioner's motion to reopen. The record contains sufficient evidence to indicate a reasonable likelihood of success on the merits worthwhile to develop at a full evidentiary hearing. A few facts. Can you explain to us your view of when in the LOG applies versus the COELO standard? I know you're arguing for the lower standard in your case, but when do we apply the would likely change the results in the case then? Thank you, Judge Nguyen. I believe that the case of Caballero-Martinez v. Barr in the Eighth Circuit provides some help. In that situation, the respondent applied for cancellation of removal and appealed to the BIA based on the fact that a different judge ultimately issued the final decision and based on additional hardship evidence that the respondent had submitted. In that case, the BIA denied to remand, citing that the hardship evidence was unlikely to alter the outcome of the case, citing the matter of COELO because the respondent had had an opportunity to fully present and litigate his request for discretionary relief. And that is patently distinguished from the case of Barr v. Monseca, who had to withdraw his cancellation of removal application based on the prevailing legal standard governing the stop time rule at the time that the IJ issued the decision. Moreover, in the matter of LOG, the board specifically explained that the reasonable likelihood of prevailing on the merit standard was applicable, distinguishing from COELO, because in the case of LOG, the respondent had not had the opportunity to fully litigate on the merits. When the petitioners had a prior opportunity to raise the issue, then it should be the higher standard? Yes, when the petitioners had the opportunity to fully litigate their case on the merits, then the heavy burden standard of COELO should govern. What about when the motion is based on a discretionary ground? Where the motion is based on previously unavailable relief, even though it can be denied based on discretion, the Ninth Circuit still retains jurisdictional review. There are actually two cases from the board that streamline the requirements for matter of COELO and matter of LOG into one articulable standard. Those are INRI G.D. and there the BIA cited both COELO and LOG as support for the proposition that a prima facie claim is one in which statutory eligibility has been demonstrated and reopening is likely to yield a different result. Also, INRI J.J. cited both cases as support for the proposition that the question before us is whether such evidence together with that already in the record could satisfy the applicant's burden of relief. So we see in those interpretations of those two cases that it squarely fits within the rubric of the situation where the applicant at the first opportunity indicated that the respondent would be barred from seeking cancellation of removal because of the stop time rule where the NTA stopped the accrual of 10 years of continuous presence. And then subsequently the BIA noted that the argument that the stop time rule no longer would have effect also had merit. My understanding then is that you are arguing that the LOG standard applies when the non-citizen hasn't had an opportunity to present his application to the immigration judge. But why is that a better way to determine when that standard applies than as some courts have done applying the LOG standard when there are denials based on the prima facie ground? Well, it makes logical sense, Your Honor, in the sense that if a case has had the opportunity to be fully litigated on the merits, the weight on the respondent should be greater to show previously unavailable evidence because they had already had their procedural due process guaranteed right to have all of their grounds for relief considered at the time that the IHA made their decision. And in contrast, where a respondent had to withdraw due to a change in law, they are now able to successfully litigate their case on the merits. There should be only a reasonable likelihood standard. The Ninth Circuit in Reyes explained that there's a need to balance the substantiation of the claim while also avoiding the potentially high costs on the alien of fully presenting his or her case without knowing the results of the motion. And in cases where they had never had an opportunity to fully litigate, it would be more worthwhile for them to err on the side of the lighter standard, Your Honor. Could you respond? The government's argument is that your client didn't present evidence of hardship. So the standard doesn't really matter here because Mr. Fonseca, Fonseca would lose anyway under either standard. So the record as a whole should be considered when determining whether or not there has been there has been a sufficient showing for all of the elements of relief. In this case, the record contained a hardship declaration affidavit from 2018 that indicated that the respondent is the sole provider for his two U.S. citizen children, that their mother did not work or for that matter, have lawful status. And in that sense would be unable to provide for them and also subject to deportation herself. And it also contained the declaration of hardship, which which has been held to be sufficient in the Ninth Circuit, according to Reyes versus INS, that producing corroborating affidavits is inconsistent with the board's own regulation that claim of extreme hardship can be supported simply by affidavits and other evidentiary material, as it was in this case. Again, just to make the prima basha showing of a reasonable opportunity of likelihood of prevailing on the merits. But that there's a lot of case law that says just having U.S. citizen children and the fact that they may receive inferior educational opportunities or medical care in another country doesn't constitute hardship. What's your response to that? Well, this case is analogous to the matter of Montreal, where the court that found that the respondents, United States citizen children that had had no exposure to the culture in Mexico, did not speak fluent Spanish, did not have any means of economic support within Mexico and whose other parent could be subject to deportation, was actually sufficient for a finding of relief. But the point in the motion to reopen is not to proceed all the way to the end result of proving the extreme hardship. Rather, it's just showing that given the opportunity, the petitioner would be able to meet the evidentiary standard. Did you want to reserve some time? Yes, my hope was to reserve one minute for rebuttal. All right. Well, you have time. Okay. In this case, the BIA provided a conclusory two-sentence analysis rejecting the petitioner's motion to reopen, determining that, quote, here the respondent did not establish prima facie eligibility. Moreover, the proffer that respondents qualifying relatives will suffer emotional and economic hardship is not sufficient. The case of Hernandez-Whitaker in the Sixth Circuit explained the need for the BIA to rationalize their reasoning, explaining that the failure to provide any analysis in the case of Hernandez-Perez v. Whitaker was itself an abuse of discretion. The BIA must consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted, and therefore cursory summary or conclusory statements are inadequate. In the case of Barr, the board's conclusory determination was contrary to law because the board prejudged the merits of the case before the petitioner had had an opportunity to prove the case. Thank you, Your Honor. Thank you, counsel. All right. Ms. Freer. Good morning, Your Honors. May it please the court, Alison Freer for the Attorney General. The government's position is that there is one prima facie standard that applies to motions to reopen. It's been articulated differently over the years, but Matter of LOG did not abrogate Matter of Coelho, as both the Sixth Circuit and the Eighth Circuit have held. This court has applied the language from Matter of Coelho and the language from Matter of LOG over the years in a virtually identical fashion, and both articulations of the standard rely on a likelihood, excuse me, on a likelihood. Whether the evidence is likely to change the outcome in Coelho or whether there's a reasonable likelihood that petitioner could show eligibility and thus change the outcome in LOG. Matter of LOG also used the heavy burden language from Matter of Coelho, so Matter of LOG itself is not articulating a separate standard. In the Third Circuit, the government conceded that LOG applied when decisions are made on the prima facie ground. So at least in that instance, the government recognized that there's a difference between the two standards. And here you're arguing there's no difference, they're basically the same thing. Can you explain what seems like an inconsistency? Yes, Your Honor. I can't get a hold of that exact concession because it happened at oral argument, and so that's not available. We didn't concede that in the brief. The Third Circuit had a case, Tillica, that I think, as far as I can piece together later, played a role in the government thinking that it needed to concede that there were two separate standards. But under this court's case law, such a concession would not be appropriate, and the government continues to maintain that there's only one standard. But the government, it remains an inconsistency between circuits. You can't, I mean, if you concede it in one circuit, you can't take it back in another circuit. Immigration law is supposed to be uniform nationally. It's not in practice frequently, though, Your Honor. The circuit boundaries do matter. And in this case, because, as far as I can tell, that concession was based on Third Circuit law, it would not be appropriate to import it to this court's case law. But again, I can't really tell how or why or the language of that concession since it came up in an oral argument and was not in the briefs. But even if there were separate standards, the court should remand for the board to be the one in the first instance to reconcile any tension between the two cases, since this is an area in which the board has expertise and good severance. Moreover, petitioners simply failed to meet even the standard articulated in matter of LOG. Matter of LOG says at page 418, it is not enough, for example, simply to allege extreme hardship for reasons that will be explained at the reopened hearing. That is precisely what his motion does. Could you identify any circuit that treats these two standards as equivalent? Because it seems as if at least the circuit cases in the focus order draw a distinction between when one standard applies and when the other applies. So given some authority that says these are equivalent standards, you use them interchangeably. The Eighth Circuit, I would agree, drew somewhat of a distinction. The Sixth Circuit, it seemed, held that matter of COELO clarified matter of LOG and that the prior opportunity to present the claim would be one factor but not determinative in discussing the standard. And that's the closest I would have. Okay. I thought the Sixth Circuit said the reasonable likelihood applies on the prima facie ground. But you can consider whether the application was previously considered by the agency. So that to me doesn't sound like these are interchangeable standards. Okay. And even if that were true, the petitioner here has failed to meet the lower standard because all he said in his motion at page 31 in the record was that he could show prima facie eligibility because he could show hardship at a reopened hearing. That's exactly what matter of LOG has been said. Let me ask you this. Assuming that we disagree with you that these are interchangeable standards, what's the government's position on when the lower standard applies versus the heavier burden? If this court were to read the standards as different, the court should remand the case back to the board to allow the board to be the one to decide in the first instance when one standard should apply rather than the other. That's not something that I could say or that this court should say. Rather, under principles of administrative deference, the board should be the one to decide when one standard applies and when the other one does. So I'm afraid I can't answer. But here, this would not be a strong vehicle for that sort of remand because petitioner only said in his motion that he would establish hardship at a reopened hearing, but he never explained how or why. He did not submit the hardship statement with his motion to reopen or with his motion to reconsider. And even if this court were to consider it anyway as part of the record, the hardships described in that statement are both vague and heartbreakingly common when a parent is deported away from their children. The evidence, as such as it was, does not show even a reasonable likelihood, a likelihood, not a possibility, a reasonable likelihood that at a reopened hearing he would be able to show hardship. Even if he's able to prove everything in his affidavit with additional documents and everything that he comes up with later, that's not going to meet the standard. That much is very clear. It's also important to note that matter of L.O.G. Excuse me. Let's just assume he failed to meet the lower standard. If the board used the incorrect standard, don't we still have to remand? If the board used an incorrectly high standard and he failed to meet both, then I would say no, because if he didn't meet either standard, then he didn't show prima facie eligibility and is not entitled to reopening. Isn't it a legal error to use the wrong legal standard? It is, but it could be without prejudice if he did not meet either standard. If there's simply nothing there, then there's no need to remand. But it wouldn't be the end of the world, but I would argue that it would not be necessary if he failed to meet both a standard that this court sees as higher and a standard that this court sees as lower. Then on remand, the board would have nothing to do. They would say if we decide the board used the higher standard and that's the wrong standard, we can't say, oh, but the petitioner would lose under the lower standard because we can't make a decision based on a decision the board did not make. That's largely true. We could. We just can't assume. Well, if the board did use the lower standard, he would lose anyway. That's not really our choice to make, is it? That's largely true under Chenery and Ventura. That's largely true where there's so little evidence. However, I would argue that you could say remand would be futile because there's simply nothing to support a claim of hardship. But if the court is arguing for a harmless error standard and we don't do that in criminal law, we don't do that in immigration law. It has been done in immigration law, but if the court felt that the lower standard might make a difference, then certainly remand would be the most appropriate way forward. As a result of petitioner's failure to demonstrate prima facie eligibility for hardship under either articulation of the prima facie hardship standard, the court should deny the petition for review. If there are no more questions, I will yield the remainder of my time. Let me ask you a question. Today, you're saying, well, the government can't weigh in on which standard is the appropriate standard. These issues have come up across different circuits. Has the government's position been the same, that you're not going to take a position in other cases as well? Our position has always been that there's one standard, that matter of LOG, clarified matter of COELO, that they're not inconsistent. They're not separate standards to be used in separate circumstances. So I was saying that if this court disagrees, which has yet to happen in a published court of appeals opinion, but if this court disagrees, then that's what the board would need to suss out on remand is when one standard would apply, when another would apply. Because the government's position is that there is just one standard, then it applies to all motions to reopen. Thank you. You're welcome. All right, Mr. Newcomb. Thank you, Your Honor. Very briefly, I would just like to make two points on appeal. Number one, today, the respondent is arguing that the petitioner never submitted any evidence of substance in either his motion to reopen before the board or his motion to reconsider. However, I'm quoting now directly from the government's brief on page nine. At the bottom of the page, quote, those supplemental documents included the January 29, 2018 hardship declaration that petitioner had previously submitted before the immigration judge, among other documentary evidence supporting hardship. I'd also like to highlight that Judge Koh and Judge Nguyen aptly pointed out that the Third, Sixth, and Eighth Circuit… And when it says the government concedes that the reasonable likelihood standard articulated in Guo and Tehillah is the applicable standard, Guo and Tehillah are Third Circuit cases. So can you respond to the government's argument like, oh, that concession was required based on that Third Circuit law? Well, the case in Guo does distinguish and holds that the board held the respondent to the incorrect standard. The other two circuits distinguishing the matter of Coelho standard from the matter of LOG standard actually applied the heavier Coelho standard. But in those cases, they clearly indicate that there was a full opportunity to litigate on the merits. So they create the same distinction, but they come on the other side of it. But they do recognize that there is a distinction among both of the cases that could be considered as the legal precedential authority. Very briefly, in conclusion, the board applied the wrong standard of review and engaged in a brief and cursory treatment of the respondent's newly established eligibility for cancellation of removal. It also failed to mention the petitioner's previously submitted hardship declaration towards his qualifying relatives. Because the board did not consider the facts in the record meaningfully cite legal authority or apply precedent, it has not articulated a basis to allow for meaningful review by this court. Remand is therefore necessary to give the board an opportunity to properly apply settled law. Thank you, your honors. Thank you, counsel. Ms. Zeka, these are all that will be submitted.
judges: WARDLAW, NGUYEN, KOH